**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SPENSER F.,** | ) | |
| | ) | **No. 25 C 13111** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Spenser F. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On January 1, 2023, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 14-54, 60-78.) The Appeals Council declined review (R. 1-5), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged disability onset date of February 14, 2022 through December 31, 2022, his date last insured ("DLI"). (R. 72.) At step two, the ALJ found that, through the DLI, plaintiff had the severe impairments of major depressive disorder, attention deficit hyperactivity disorder, inattentive type, and history, in remission, of alcohol and cocaine use. (*Id.*) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (R. 73.) At step four, the ALJ found that, through the DLI, plaintiff could not perform any past relevant work but had the RFC to perform work at all exertional levels with the following limitations he can understand, remember and carry out simple instructions; he can only perform tasks that do not involve specific production-rate pace or requirements, such as assembly-line work or work with an hourly production quota, and he

cannot work in a setting involving controlled substances or where alcohol is served. (R. 74, 77.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 77-78.)

Plaintiff argues that the RFC is flawed because the ALJ did not address the notes from plaintiff's intensive outpatient treatment ("IOP") in crafting it. *See* 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). The Court agrees. Plaintiff participated in two IOP programs, one in 2022 and the other in 2024. The ALJ did not address either in his decision. The omission is particularly troubling with respect to the 2022 IOP because plaintiff participated in that program just before and after his DLI. (*See generally* R. 333-743.) Because the ALJ failed to address the evidence that is likely most reflective of plaintiff's condition at his DLI, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, and pursuant to the fifth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings. This case is terminated.

**SO ORDERED.** **ENTERED: October 6, 2026**

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**